UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHELLY M. SHULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:16-cv-00011 |
| | ) | CHIEF JUDGE CRENSHAW |
| WALGREEN CO., SPIRIT WG | ) | |
| CROSSVILLE TN, KIM MCCOY, as an | ) | |
| employee of Walgreens, CITY OF | ) | |
| CROSSVILLE, TENNESSEE, SCOTT | ) | |
| VANRUDEN, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Shelly M. Shull filed this action against Walgreen Co. ("Walgreens"), Spirit WG Crossville TN, Kim McCoy, City of Crossville, Tennessee ("Crossville"), and Officer Scott VanRuden, alleging 42 U.S.C. § 1983 and state law tort claims. (Doc. No. 1-1.) Before the Court are motions for summary judgment from Crossville and VanRuden (Doc. No. 18) and Walgreens and McCoy (Doc. No. 22).[1] For the reasons below, the motions are granted.

### I. Undisputed Facts

On January 16, 2015, VanRuden was called to Walgreens in Crossville to answer a shoplifting complaint. (Doc. No. 27-1 ¶ 1.) He was informed that the shoplifter was a short, thin, white woman with dark hair, wearing black pants and a red coat and that she had left the store in a Lincoln town car with license plate number F49889C. (Id. ¶¶ 2-3.) VanRuden determined that Cynthia Tucker was the registered owner of the town car based on the license plate number. (Doc.

---

[1] Crossville and VanRuden's motion, although styled as a motion for summary judgment, is one for partial summary judgment, as it does not move for summary judgment on all claims against them.

1

No. 28-5 at 2.) Shull's address was the same address that Cynthia Tucker listed on her driver's license.[2] (Id. at 2-3.) VanRuden obtained photographs of Tucker and Shull and information on Shull's height and weight from the Tennessee Department of Motor Vehicles ("DMV"). (Doc. No. 27-1 ¶¶ 4-5; Doc. No. 28-1 ¶¶ 15-16.)

Walgreens Cashier Kim McCoy, who was working on January 16, 2015 and observed the shoplifter, identified Shull's photo as the shoplifter. (Doc. No. 27-1 ¶ 6; Doc. No. 28-1 ¶¶ 2, 6-10.) Shull's height and weight also matched shift manager Cameron Simms and McCoy's description of the shoplifter. (Doc. No. 27-1 ¶ 5; Doc. No. 28-1 ¶ 17.) Shull was on the banned list at Walgreens because of a public intoxication arrest on January 18, 2014. (Doc. No. 27-1 ¶ 7.) McCoy was also working at Walgreens during Shull's arrest on January 18, 2014 and remembered the incident. (Doc. No. 28-1 ¶ 19.)

A Judicial Commissioner determined probable cause existed for shoplifting and criminal trespass charges and issued warrants for both. (Doc. No. 27-1 ¶ 8.)[3] After the warrants issued, Shull turned herself in to the Crossville Police Department. (Doc. No. 28-1 ¶ 21.) Shull claims that she was not at Walgreens during the night of the January 2015 shoplifting incident. (Doc. No. 28-1 ¶¶ 2, 5-10, 12-13.)

## II. Standard of Review

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Pennington v. State Farm Mut. Auto. Ins. Co.</u>, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing

---

[2] At the time of the incident, Plaintiff's name was Shelly Rezzonico. (Doc. No. 23 at 2 n.1.) She has since changed her surname to Shull and filed this suit under that name. (Id.) For the purpose of the instant motions, Plaintiff is referred to as Shull.

[3] Shull admits this fact only for the purpose of the instant motions. (Doc. No. 27-1 ¶ 8.)

2

the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. Van Gorder v. Grand Trunk W. R.R., Inc., 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court determines whether sufficient evidence has been presented to make the material issue of fact a proper jury question. Id. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. Rodgers, 344 F.3d at 595.

### III. Analysis

**A. VanRuden and Crossville's Motion for Summary Judgment**

**1. Officer VanRuden**

**a. Section 1983 Claim**

VanRuden moves for summary judgment on Shull's Section 1983 claim under the Fourth Amendment. To establish a Section 1983 claim, Plaintiff must demonstrate: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. See 42 U.S.C. § 1983.

VanRuden argues that Shull cannot establish her Section 1983 claim because she cannot demonstrate that he violated her constitutional rights. The federal constitutional right implicated

3

here is the Fourth Amendment right to be arrested only upon probable cause. Crockett v. Cumberland Coll., 316 F.3d 571, 579-80 (6th Cir. 2003). Probable cause exists when evidence permits a reasonable person to believe a particular person has committed or is committing a crime. Beck v. State of Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964). The undisputed facts establish the following: (1) an eyewitness, McCoy, positively identified Shull's photo as matching the shoplifter she observed and as the individual on Walgreens's banned list (Doc. No. 27-1 ¶¶ 6-7; Doc. No. 28-1 ¶¶ 17-18); (2) McCoy and Simms's description of Shull matched Shull's information obtained from the DMV (Doc. No. 27-1 ¶ 5; Doc. No. 28-1 ¶ 17); (3) Shull's address matched the address on Cynthia Tucker's driver's license, who was the registered owner of the escape vehicle (Doc. No. 28-1 ¶ 15); and (4) 911 dispatch confirmed that Shull's name was on Walgreens's banned list (Doc. No. 27-1 ¶ 7). A Judicial Commissioner issued arrest warrants for Shull based on affidavits from VanRuden and McCoy containing some the foregoing information. (Doc. No. 28-5 at 7-8.)

The undisputed facts demonstrate that probable cause existed for Shull's arrest. A law enforcement officer can rely on an eyewitness identification to establish probable cause to sustain an arrest. Ahlers v. Schebil, 188 F.3d 365, 370 (6th Cir. 1999). Here, in addition to McCoy's eye witness identification, other corroborating information existed, including the second, third, and fourth facts discussed above. Also, Shull does not argue that VanRuden provided misleading information or intentionally omitted material information in procuring the arrest warrants. See Voyticky v. Vill. of Timberlake, Ohio, 412 F.3d 669, 677 n.4 (6th Cir. 2005) ("A facially valid warrant is not always sufficient to merit summary judgment in an action brought pursuant to § 1983 when evidence exists that a defendant intentionally mislead or intentionally omitted [material] information at a probable cause hearing for an arrest . . . warrant.").

Shull, citing Simmons v. United States, 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968), argues that a jury could find VanRuden's actions unreasonable because he presented McCoy two photos to identify a suspect. However, Shull fails to establish that any of the problematic photo identification scenarios discussed in Simmons occurred in this case. See 390 U.S. at 383, 88 S. Ct. at 971. In addition, although Shull states that VanRuden presented the photographs to McCoy in a "highly suggestive" way, Shull points to no evidence in the record to support this contention. Therefore, Shull fails to establish a genuine dispute of material fact as to whether VanRuden violated her Fourth Amendment rights. Accordingly, VanRuden's motion for summary judgment is granted and Shull's Section 1983 claim against VanRuden based on the Fourth Amendment is dismissed with prejudice.[4]

### b. State Law Tort Claims

In light of the above ruling, VanRuden is also entitled to summary judgment on Shull's malicious prosecution and false imprisonment claims, which require that defendant acted without probable cause. See Brown v. Christian Bros. Univ., 428 S.W.3d 38, 54 (Tenn. Ct. App. 2013) ("Like the tort of malicious prosecution, false imprisonment requires that the defendant must have acted without probable cause."). The undisputed facts demonstrate that VanRuden had probable cause, and therefore Shull cannot prove her malicious prosecution and false imprisonment claims. Those claims are also dismissed with prejudice.

The following claims as to VanRuden remain for trial: (1) Section 1983 based on due process under the Fourteenth Amendment; (2) defamation; (3) negligence; and (4) abuse of process.

---

[4] Because the Court grants summary judgment in favor of VanRuden on this basis, it declines to address VanRuden's qualified immunity argument.

5

Case 2:16-cv-00011 Document 58 Filed 07/20/18 Page 5 of 10 PageID #: 449

### 2. Crossville

#### a. Section 1983 Claim

Crossville moves for summary judgment on Shull's Section 1983 claim. To establish a municipal liability claim under Section 1983, Shull must demonstrate that her constitutional rights were violated and that Crossville's policy or custom was the "moving force" behind the deprivation of her rights. Miller v. Sanilac Cty., 606 F.3d 240, 254-55 (6th Cir. 2010) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). There can be no municipal liability under Section 1983 unless there is an underlying unconstitutional act. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986); Hagans v. Franklin Cty. Sheriff's Office, 695 F.3d 505, 511 (6th Cir. 2012). Because Shull fails to demonstrate that VanRuden violated her Fourth Amendment rights, Crossville is also entitled to summary judgment on the Section 1983 claim based on the Fourth Amendment.

In addition, Crossville is entitled to summary judgment on Shull's Section 1983 claim based on both the Fourth and Fourteenth Amendment because Shull fails to demonstrate Section 1983 municipal liability. Shull's Section 1983 claim against Crossville is based on a failure to train, hire, and supervise its staff. (See Doc. No. 1-1 at 15-39.) Under a failure to train or supervise theory of municipal liability, Shull must show that: (1) Crossville's training or supervision is inadequate for the tasks performed; (2) the inadequacy is the result of Crossville's deliberate indifference; and (3) the inadequacy is closely related to or actually caused her injury. Regets v. City of Plymouth, 568 F. App'x 380, 394 (6th Cir. 2014). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (internal quotation marks and citation omitted).

6

The only evidence Shull discusses is VanRuden's deposition testimony, which partially states that he does not know how to conduct a lineup. Shull, however, does not provide VanRuden's full testimony, which states that he has not been taught how to conduct a physical lineup. (See Doc. No. 27-3 at 2-3.) This evidence is insufficient and immaterial because a physical lineup did not occur in this case. Furthermore, the excerpt of VanRuden's deposition testimony relied upon by Shull, without additional evidence, does not satisfy the stringent standard of deliberate indifference. Crossville, therefore, is entitled to summary judgment on Shull's Section 1983 claim.

### b. State Law Tort Claims

Crossville does not move for summary judgment on the state law tort claims against it. However, the Complaint acknowledges that Crossville is entitled to sovereign immunity under the Tennessee Governmental Tort Liability Act ("TGTLA"). (See Doc. No. 1-1 at 17-18.) In its Answer, Crossville states that it is immune for any allegations in the state and common law claims section of the Complaint based on the TGTLA. (Doc. No. 11 at 6.) Thus, Crossville may be entitled to summary judgment on Shull's state law tort claims pursuant to the TGTLA. This issue will be addressed at trial.

## B. Walgreens and McCoy's Motion for Summary Judgment

Walgreens and McCoy move for summary judgment on all claims against them pursuant to a defense under Tenn. Code Ann. § 40-7-116(c),[5] which states:

> A merchant, a merchant's employee or agent, or a peace officer
> who detains, questions or causes the arrest of any person suspected
> of theft shall not be criminally or civilly liable for any legal action

---

[5] Although Shull interprets the motion as addressing only the malicious prosecution and false imprisonment claims (see Doc. No. 28 at 9), Walgreens and McCoy make clear that they seek summary judgment "as to all claims and counts Plaintiff has brought against Defendants in this action." (Doc. No. 22 at 2.)

7

> relating to the detention, questioning or arrest if the merchant, merchant's employee or agent, or peace officer:
>
> (1) Has reasonable grounds to suspect that the person has committed or is attempting to commit theft;
>
> (2) Acts in a reasonable manner under the circumstances; and
>
> (3) Detains the suspected person for a reasonable period of time.

The undisputed facts demonstrate that Walgreens and McCoy meet the requirements of Tenn. Code Ann. § 40-7-116(c). First, Walgreens and McCoy had reasonable grounds to suspect that Shull had committed or attempted to commit theft. McCoy observed an individual place two cell phones cases in her purse and then fail to present them for purchase when checking out. (Doc. No. 22-2 at 9-11.) McCoy then confronted the individual about the cell phone cases, and the individual responded that she had set them down in the store. (Id.) McCoy requested the individual to lead McCoy to the place where she set down the phone cases and then saw the individual remove the cell phone cases from her purse while they were walking through the store. (Id.) When VanRuden presented McCoy with photographs of the potential suspect, McCoy identified Shull's photo as the shoplifter she had seen earlier. (Doc. No. 27-1 ¶ 6; Doc. No. 28-1 ¶¶ 2, 6-10.) This evidence is sufficient to constitute reasonable grounds to suspect that Shull was committing or attempting to commit theft. See Brown v. SCOA Indus., Inc., 741 S.W.2d 916, 919 (Tenn. Ct. App. 1987) (holding that defendant satisfied Tenn. Code Ann. § 40-7-116(c)(1) because a store employee witnessed the theft at issue). Shull does not provide any evidence that demonstrates a dispute of material fact as to Tenn. Code Ann. § 40-7-116(c)(1). Although Shull again mentions the suggestive photo lineup, this argument, as discussed above, is insufficient to create a dispute of material fact. In addition, Shull states, "Defendant was presented with an independent third party during the prosecution who explained that she heard the true thief confess

to the crime in court." (Doc. No. 28 at 8.) However, she points to no evidence in the record to support this assertion.

Second, Walgreens and McCoy acted in a reasonable manner under the circumstances. In light of McCoy and Simms's observations, Simms called the Crossville City Police Department to inform them of the shoplifting incident. (Doc. No. 28-1 ¶ 12.) When Officer VanRuden arrived, Simms and McCoy provided him with a description of the suspected shoplifter, a store surveillance video, and information about the suspect's car. (Id. ¶¶ 12-15.) McCoy also advised VanRuden that Shull was on the "banned" list as a result of a public intoxication arrest at Walgreens. (Id. ¶ 18.) This information prompted VanRuden to seek an arrest warrant for Shull. (Id. ¶ 20.) McCoy also signed an affidavit to support Shull's arrest warrant. (Doc. No. 28-5 at 8.) Shull, failing to discuss evidence in the record, merely argues "it is very possible that the finder of fact would conclude that . . . McCoy did not act reasonably." (Doc. No. 28 at 8-9.) A mere possibility is insufficient to demonstrate an issue of material fact on summary judgment.

Third, Walgreens and McCoy satisfy Tenn. Code Ann. § 40-7-116(c)(3), as they did not detain Shull. Rather, Shull turned herself in to the police after the Judicial Commissioner issued warrants for her arrest. Shull provides no argument or evidence to the contrary on this issue. Accordingly, summary judgment is granted in favor of Walgreens and McCoy and all claims against them are dismissed with prejudice.

## IV. Conclusion

Both Crossville and VanRuden's Motion for Summary Judgment (Doc. No. 18) and Walgreens and McCoy's Motion for Summary Judgment (Doc. No. 22) are granted.

As to VanRuden, summary judgment is granted and the following claims are dismissed with prejudice: (1) Section 1983 based on the Fourth Amendment; (2) malicious prosecution; and

(3) false imprisonment claims. The case will proceed to trial on the following remaining claims against VanRuden: (1) Section 1983 based on due process under the Fourteenth Amendment; (2) defamation; (3) negligence; and (4) abuse of process.

As to Crossville, summary judgment is granted and the Section 1983 claims based on the Fourth and Fourteenth Amendments are dismissed with prejudice.

Walgreens and McCoy's motion for summary judgment is granted and all claims against them are dismissed with prejudice. Walgreens and McCoy's pending Motion in Limine (Doc. No. 39) is, therefore, denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE